IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.                                                          CASE NO. 1:88-cr-01007-MP-AK

WILLIE BUD REED, JR,

    Defendant.
_____/

**O R D E R**

This matter is before the Court on Doc. 1014, Motion for Return of Property Pursuant to Rule 41(e) Federal Rules of Criminal Procedure.  The government filed a Response, Doc. 1041, to which the Defendant filed a Reply, Doc. 1042.  The government sought leave to file a Sur-Response to Defendant's Reply, Doc. 1043.  The Court grants this motion and will consider the government's sur-response because Defendant raised new issues in his Reply.  Defendant filed a Motion to Allow Reply, Doc. 1044, to the government's sur-response.  The Court also grants that Motion and will consider Defendant's Reply to the government's sur-response.

In his initial motion, Defendant presents two reasons that his property should be returned.  First, he claims the forfeiture order was improperly absent from either the Court's oral sentence or a special jury verdict in his criminal trial.  Second, he claims that equitable jurisdiction should override any forfeiture and allow this Court to grant his motion for return of property.

As to the first cause for return of the property, Defendant argues that his forfeiture was improper under 21 U.S.C. § 853.  This forfeiture, however, was not a judicial forfeiture under that statute.  Instead, this was an administrative forfeiture in accordance with 18 U.S.C. § 983(e).  Therefore, Defendant's argument that the forfeiture was improper because it was not included in

his sentence are misplaced.

Additionally, as pointed out by the government in its initial Response, Doc. 1041, Defendant's claim is time barred.  28 U.S.C. § 2401(a) creates a six year statute of limitations for civil actions against the government.  That statute would be the greatest amount of time for which Defendant could file this claim.[1]  See United States v. Sims, 376 F.3d 705, 707 (7th Cir. 2004).  Defendant's forfeiture occurred in 1988 and notice was published in USA Today in March 1989.  Defendant filed this Motion in June of 2004, making this claim at least nine years beyond the greatest possible statute of limitations.

Apparently aware of relying on the wrong statute, Defendant raised new reasons that his property should be returned.  First, Defendant argues that he was not provided with adequate due process in the administrative procedure that initially led to his forfeiture.  Second, he argues that this case is not barred by the statute of limitations because he previously filed a claim for return of his property, which the government improperly handled and misconstrued.  According to Defendant, he is now only reasserting a claim which was already timely filed.  This mere reassertion, Defendant argues, should toll the statute of limitations.  Finally, Defendant renews his equitable jurisdiction argument.

Defendant's first two new arguments relate to papers he filed originally contesting the forfeiture directly to the Drug Enforcement Agency ("DEA"), the agency which administratively seized his property.  Defendant filed a document with the DEA shortly after receiving notice of

---

[1] 18 U.S.C. § 983(e) creates a statute of limitation of five years for contesting administrative forfeitures where there is improper notice.  Additionally, the notice provided to Defendant regarding the initial forfeiture clearly states that to contest a forfeiture, Defendant must provide a claim of ownership among other documents to the agency within 20 days of the first date of publication of the notice of forfeiture in the USA Today newspaper.

the administrative forfeiture that contained the phrase "contesting the seizure."   Instead of treating this filing as a Motion to contest the forfeiture, the DEA interpreted the document as a request for remission and denied the request.  The Motion to contest forfeiture should have been presented to the United States District Court, whereas the DEA handled the request for remission internally.  After filing this document and not getting a satisfactory response, Defendant, obviously aware of his right to address his claims in a district court,  filed a Motion for Return of Seized Property in 1991.  This is the claim which Defendant now claims to be renewing.

Defendant acknowledges that his previous Motion for Return of Seized Property was denied in 1992  as lacking merit and untimely.  Defendant does not assert any new facts which have arisen during the past twelve years which would give rise to reconsideration of the Court's prior decision.  Nor has Defendant raised any grounds why the statute of limitations on an appeal of that judgment or a motion for reconsideration of that judgment should be tolled.  Defendant's only argument is that the Court was in error in 1992 when it issued its order.  Defendant's argument relies on facts and information that were readily available prior to 2004.  In fact, all allegations raised by Defendant concern events which Defendant was fully cognizant of in 1988 through 1992.  Any due process violation alleged by Defendant were based on procedures that occurred at least 12 years ago and which Defendant was fully aware of at the time they occurred.  There is no reason Defendant's Motion should be reconsidered fifteen years after the forfeiture.

Defendant has also requested that this Court utilize its equitable jurisdiction to overturn the forfeiture.  Defendant has not presented a single credible reason the Court should overturn his prior administrative forfeiture.  Defendant raises issues of hardship to his family from this forfeiture.  Any hardship would have occurred fifteen years ago and is certainly not cause to

return the property now.  No other valid claim for equitable relief is presented.

**ORDERED AND ADJUDGED:**

1. The government's Motion to Allow Response to Defendant's Reply, Doc. 1043, is GRANTED.

2. Defendant's Motion to Allow Reply, Doc. 1044, is GRANTED.

3. Defendant's Motion for Return of Property, Doc. 1014, is DENIED.

**DONE AND ORDERED** this __26th__ day of May, 2005.

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge