IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO. 1:88-cr-01007-MP-AK

WILLIE BUD REED, JR.,

     Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 1121, Report and Recommendation of the

Magistrate Judge, recommending that Defendant's Motion to Adopt Codefendant's

Section 1651 Writ of Coram Nobis/2255, be denied.  The Magistrate Judge filed the Report and

Recommendation on Monday, October 30, 2006.  The parties have been furnished a copy of the

Report and Recommendation and have been afforded an opportunity to file objections.  Pursuant

to Title 28, United States Code, Section 636(b)(1), this Court must make a de novo review of

those portions to which an objection has made.

Defendant seeks to join co-defendant Terry L. Reed in his Petition for Writ of Error

Coram Nobis or, alternatively, Motion to Vacate under 28 U.S.C. § 2255.  Doc. 1066.  The

Defendant objects to two findings of the Magistrate.  Doc. 1128.  First, the Defendant disputes

the Magistrate's finding that "[b]ecause he is presently incarcerated, *coram nobis* relief is

unavailable to him."  Doc. 1121 at 1.  Defendant copies verbatim the same objections used by his

co-defendant, and for the same reason fails to show that the Magistrate is incorrect.  The law in

this Circuit is clear: "Coram nobis relief is unavailable to a person, such as the appellant, who is

still in custody."  United States v. Garcia, 181 F.3d 1274, 1274 (11th Cir. 1999).  Even if such

relief were available, the Defendant fails to show any error of the most fundamental character to warrant such relief. Defendant states that it is legally impossible for two people to conspire to possess illegal drugs. Because two parties are not by definition required to complete the substantive offense of possession, Defendant's argument fails. Therefore, the Court finds Defendant's first objection without merit and agrees with the Magistrate's recommendation.

Defendant's second objection is that the Magistrate erred in finding that because "Defendant has not sought or been granted leave by the appellate court to file a second or successive motion to vacate, . . . review is plainly foreclosed here at this time." Doc. 1121 at 2. Defendant asserts that because it was legally impossible for him to commit the substantive offense, the Court should not deem his motion successive. As previously discussed, this position is without merit, and thus Defendant must seek leave by the appellate court to file a successive motion to vacate. Therefore, having considered the Report and Recommendation, I have determined that the Report and Recommendation should be ADOPTED. Accordingly, it is hereby.

**ORDERED AND ADJUDGED:**

1.    The Magistrate Judge's Report and Recommendation, Doc. 1121, is adopted and incorporated by reference in this order.

2.    Defendant's Motion to Adopt Codefendant's Section 1651 Writ of Coram Nobis/2255, Doc. 1114, is DENIED.

**DONE AND ORDERED** this   *21st* day of November, 2006

*s/Maurice M. Paul*

Maurice M. Paul, Senior District Judge