IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                                                          CASE NO. 1:88-cr-01007-MP-AK

WILLIE BUD REED, JR.,

    Defendant.
_____/

**O R D E R**

    This matter is before the Court on Doc. 1118, Motion to Correct Clerical Errors in Defendant's Presentence Investigation Report, filed by Willie Bud Reed, Jr.  The Court previously denied Defendant's motion, Doc. 1119, but in an abundance of caution, the Court granted Defendant's motion for reconsideration and directed the Government to file a response, Doc. 1126.  The Government has filed a Response in Opposition, Doc. 1162, to which Defendant Reed has filed a Reply, Doc. 1163.  In his motion, Defendant argues that he was incorrectly attributed three points on his presentence investigation report, and that unless this error is corrected, he will be transferred to a higher security prison.  Defendant seeks relief under Rule 36 of the Federal Rules of Criminal Procedure, which provides that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." FED.R.CRIM.P. 36.

    The Government responds that there is no "clerical" error to correct.  The Court agrees.  An error must be clerical, rather than substantive, in nature to be correctable under Rule 36.  See United States v. Pease, 331 F.3d 809, 816 (11th Cir. 2003), U.S. v. Whittington, 918 F.2d 149 (11th Cir. 1990).  Errors arising "from an oversight or omission by the court, rather than through a clerical mistake" are "not within the purview of Rule 36." U.S. v. Guevremont, 829 F.2d 423,

426 (3rd Cir. 1987). "As courts have held in the context of Rule 36's twin, Federal Rule of Civil Procedure 60(a), a clerical error 'must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature.'" U.S. v. Guevremont, 829 F.2d 423,426 (3rd Cir. 1987)(quoting Dura-Wood Treating Co. v. Century Forest Indus., 694 F.2d 112, 114 (5th Cir. 1982)).  In this case, although Defendant Reed asks the Court to correct a clerical error, his claim for relief is aimed at making substantive changes in his presentence report and his sentence.  As the Government notes, this is not an error that is clerical in nature.  Because the terms of Defendant's sentence were properly recorded, and the only deficiency Defendant asserts is that too many criminal history points were assessed through judicial error, his claim is not one within the purview of Rule 36.  See United States v. Penna, 319 F.3d 509, 513 (9th Cir.2003)(stating that Rule 36 is a vehicle for correcting clerical mistakes, but it may not be used to correct judicial errors in sentencing); see also, U.S. v. Thomas, 135 F.3d 873, 875–876 (3nd Cir. 2005)(concluding that Rule 36 did not permit a district court to alter a sentence from supervised release to probation, or to change the timing of home confinement).

     The Government also argues that Defendant's motion is based on legal and factual argument regarding the applicability of specific portions of the Guidelines Manual, and therefore is an unauthorized second or successive motion pursuant to 28 U.S.C. § 2255.  Although the Court initially believed that Defendant's motion did not implicate § 2255 since it was styled as seeking clerical relief, further review of the merits of his claim reveals that Defendant actually seeks a reevaluation of the substance of his case in order to change his prison classification.  Therefore, the Court agrees with the Government that Defendant Reed's claim is more

appropriately raised as a motion for habeas corpus relief under § 2255, and because this an unauthorized second or successive habeas corpus application, the Court lacks jurisdiction to consider the merits of the petition. Accordingly, Defendant Reed's Motion to Correct Clerical Errors in Defendant's Presentence Investigation Report, Doc. 1118, is denied.

**DONE AND ORDERED** this   *23rd* day of May, 2007

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge