IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                   CASE NO. 1:88-cr-01007-MP-AK

WILLIE BUD REED, JR.,

     Defendant.
_____/

## **O R D E R**

This matter is before the Court on Doc. 1173, Motion for Relief from Judgment, filed by Defendant Willie Reed. In his motion, Defendant Reed petitions the Court to reopen his previously dismissed Rule 60(b) motion, Doc. 887, and his Motion to Vacate under § 2255, Doc. 636. Although Defendant goes to great lengths to fit his motion within the language of Rule 60(b), it is clear that Defendant is again attempting to bring a substantive claim that was presented in a prior application, thus rendering the instant motion an unauthorized second or successive habeas corpus application. See Harris v. United States, 367 F.3d 74, 80-81 (2d Cir. 2004)(dismissing petitioner's Rule 60(b) motion alleging "excusable neglect" as successive habeas corpus application where it sought relief from judgment because habeas counsel had failed to raise a Sixth Amendment claim); Rodwell v. Pepe, 324 F.3d 66, 69 (1st Cir. 2003)(dismissing petitioner's Rule 60(b) motion alleging "newly discovered evidence"); Dunlap v. Litscher, 301 F.3d 873, 876 (7th Cir. 2002)(dismissing petitioner's Rule 60(b) motion raising other "reason justifying relief"). Because Defendant's motion is an unauthorized second or successive habeas petition, the Court is without jurisdiction to hear it. Gonzalez v. Crosby, 545 U.S. 524, 125 S.Ct. 2641 (2005). Accordingly, Defendant Reed's Motion for Relief from Judgment, Doc. 1173, is dismissed for lack of jurisdiction.

**DONE AND ORDERED** this <u>26th</u> day of June, 2007

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge