IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            CASE NO. 1:88-cr-01007-MP-AK

WILLIE BUD REED, JR,

    Defendant.

_____/

## **O R D E R**

This matter is before the Court on Doc. 1303, Motion for Reconsideration regarding the Order on Motion to Reduce Sentence, Doc. 1247, and the Order on Motion for Reconsideration by Willie Bud Reed, Jr., Doc. 1252. Defendant argues that he is entitled to a reduced sentence based on Amendments 706 and 711 to the United States Sentencing Guidelines ("Guidelines"). The Court determined that Defendant's Base Offense Level under the Guidelines increased to level 38, with a Total Offense Level of 41. Defendant's original sentence of 420 months was therefore unaffected by Amendments 706 and 711.

Defendant additionally argues that he would like to have been held responsible for a lesser amount of cocaine base than he was for his original sentencing. Amendments 706 and 711 of the Guidelines do not allow the sentencing court to revisit the facts and circumstances of the sentencing. *See* United States v. Bravo, 203 F.3d 778, 780-81 (11th Cir. 2000) (with the exception of the guideline changed by the amendment, all original sentencing determinations remain unchanged). Therefore, this argument cannot be considered.

Defendant simultaneously argues that the rule of lenity should apply to reduce his

sentence, which is not persuasive because the rule of lenity is a tool of statutory interpretation to determine whether conduct can be punished, not to reduce a sentence for clearly culpable conduct as Defendant requests here. The rule of lenity ensures fair warning by resolving ambiguity in a criminal statute as to apply it only to conduct clearly covered. *See, e.g.* Liparota v. United States, 471 U.S. 419, 427 (1985). Here, there is no doubt that possession of cocaine base is prohibited by statute, so there is no question as to whether the rule of lenity could apply to make Defendant's possession of cocaine base innocent. It could not apply as Defendant requests, and does not.

None of Defendant's arguments in this Motion have legal merit. Accordingly, the Motion is DENIED.

**DONE AND ORDERED** this __10th__ day of November, 2009

*s/Maurice M. Paul*

Maurice M. Paul, Senior District Judge