IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                      CASE NO. 1:88-cr-01007-MP-AK

WILLIE BUD REED, JR,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Motion for Reconsideration, Doc. 1326, by Willie Bud Reed, Jr. In that motion, Mr. Reed asks the Court to reconsider its order, Doc. 1325, regarding his Motion for Relief from Judgment and his Motion for Reconsideration. Mr. Reed had appealed his judgment and sentence to the United States Court of Appeals for the Eleventh Circuit, divesting this court of jurisdiction over matters in that appeal, except to the extent that the Court must act in aid of the appeal. *United States v. Hitchmon*, 602 F.2d 689, 692 (5th Cir. 1979) (*en banc*).

Mr. Reed now argues that the motions concern different matters than those on appeal before the Eleventh Circuit. He claims that his motion for relief from judgment concerns the return of property, which is different than the reduction in sentence he also desires, even though those consequences flow from the same criminal acts and criminal judgment. He claims that the motion to revisit concerns his motion for a new trial, unrelated to the motion seeking a reduction in sentence, even though the new trial is desired for the same criminal conduct for which he was sentenced. These are not matters collateral to the merits of the appeal- they concern the same

merits, and the validity of the same judgment and sentence on the same criminal conduct. Therefore, Defendant's citation of *Taylor v. Sterrett*, 640 F.2d 663, 667-68 (5th Cir. 1981) (explaining that a district court is divested of jurisdiction only as to the matters on appeal), does not help his cause.

Mr. Reed claims that he asks for different relief in the motions at issue now than he did in the motions at issue on appeal. Both of those forms of relief, however, concern the same merits of the same judgment on the same criminal conduct. Therefore, the current matter is not collateral to those on appeal, and this Court has no jurisdiction to review it. Accordingly, the Motion to Reconsider this Court's dismissal of those motions is DENIED.

**DONE AND ORDERED** this   *2nd* day of March, 2010

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge