IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    CASE NO. 1:88-cr-01007-MP -AK

WILLIE BUD REED, JR,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 1378, Mandate of the United States Court of Appeals for the Eleventh Circuit. The Court of Appeals vacated this Court's Dismissal Order, Doc. 1325, and remanded for determination of the merits of Defendant's Motion for Relief from Judgment, Doc. 1323, and Motion for Reconsideration, Doc. 1324.

Defendant filed the Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b). Specifically, Defendant argues that the Court's Order, Doc. 508, dismissing Defendant's Motion for Return of Property, Doc. 490, as "being without merit and untimely filed" was in error. Defendant points to one of his many attempts to appeal as evidence that the Court's dismissal was erroneous. In a 2006 Order denying Defendant's motion for a certificate of appealability, the Eleventh Circuit stated that "the district court erred in denying his motion as untimely." Doc. 1099 at 1. While this Court may have erred in denying Defendant's motion as untimely, this Court also held that the motion was "without merit." Doc. 508. Defendant argues that "[o]nce the District Court decided [his] motion was untimely, anything further was a moot point and an advisory opinion." Doc. 1323 at 2. However, Defendant fails to support this

conclusion. To the contrary, the Court's holding that Defendant's motion was "without merit" remains valid despite any error in declaring it untimely.

Even if Defendant was correct, the relief he seeks is not available through a Rule 60(b) motion. In the Order denying Defendant's motion for a certificate of appealability discussed supra, the Eleventh Circuit went on to deny his motion for *in forma pauperis* status because the appeal was frivolous. *See* Doc. 1099 at 2. The Court stated that the Defendant was "challenging the criminal forfeiture order through Rule 60(b), and we have held that defendants cannot challenge criminal forfeiture orders under the Federal Rules of Civil Procedure." *Id.* (citing *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998)). Accordingly, Defendant's Rule 60(b) Motion for Relief from Judgment is denied.

Defendant also filed a Motion for Reconsideration of the Court's Order, Doc. 544, denying his Motion for a New Trial pursuant to Federal Rule of Civil Procedure 33, Doc. 543. The Court denied Defendant's Motion for a New Trial based on newly discovered evidence without explanation or comment. Defendant claims that the summary denial of his motion on a fill-in-the-blank form violated his rights to due process as guaranteed by the Fifth Amendment.

The Federal Rules of Civil procedure do not specifically authorize motions for reconsideration. However, "[t]he lower courts have almost without exception treated these as Rule 59 motions, regardless of their label." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 68, 103 S. Ct. 400, 407 (1982) (per curiam) (Marshall, J., dissenting). In *Green v. Drug Enforcement Administration*, the Eleventh Circuit noted that "[t]he commentators agree: 'Rule 59(e) . . . include[s] motions for reconsideration.'" 606 F.3d 1296, 1299 (11th Cir. 2010) (citing 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995)). In 1992 Rule 59(e) provided that "[a] motion to alter or amend a

judgment must be filed no later than 10 days after the entry of the judgment." Fed. R. Civ. P. § 59(e). The 2009 amendments to Rule 59(e) expanded the time for filing to 28 days. *See* Fed. R. Civ. P. § 59(e). Defendant's Motion for Reconsideration was filed on February 10, 2010, which is more than seventeen years after his Motion for a New Trial was denied. Thus, Defendant's Rule 59(e) Motion for Reconsideration is denied as untimely.

Defendant is a prolific motion filer and has been seeking a new trial and the return of seized property since his conviction in 1988. Defendant filed motions for a reduced sentence, a new trial, and return of property. Dissatisfied with the outcome of these motions, Defendant filed several motions for relief from judgment and over twenty motions for reconsideration. In addition, Defendant filed numerous procedural motions and motions to appeal. Defendant's repetitive motions present no new facts, arguments, or evidence and have become a waste of judicial resources. Accordingly, it is

**ORDERED AND ADJUDGED:**

1. The Motion for Relief from Judgment, Doc. 1323, is DENIED.

2. The Motion for Reconsideration, Doc. 1324, is DENIED.

3. The Clerk is directed not to accept any further motions related to these issues.

**DONE AND ORDERED** this __15th__ day of February, 2011

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge